UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:17-CV-61170-ROSENBERG

ZERBERSKY PAYNE, LLP,

    Plaintiff,

v.

AUGHTMAN LAW FIRM, LLC, *et al.*,

    Defendants.

_____/

## ORDER GRANTING BOTH PLAINTIFF'S MOTION TO REMAND AND DEFENDANT BURLINGTON & ROCKENBACH P.A.'S MOTION TO REMAND

Plaintiff Zerbersky Payne, LLP pursued a class action lawsuit together with several other law firms. After the cases resolved, Plaintiff filed suit in state court, seeking declaratory relief clarifying the appropriate distribution of fees. Plaintiff named four defendants: Aughtman Law Firm, LLC; Golomb & Honik, P.C.; Hemmings & Stevens, PLLC; and Burlington & Rockenbach, P.A. Only three removed the case to federal court. The Notice of Removal alleges that the fourth defendant, Burlington & Rockenbach, P.A. ("Burlington"), was fraudulently joined to defeat diversity jurisdiction. Plaintiff and Burlington both move to remand. In response, the three removing defendants reiterate the fraudulent joinder argument and, alternatively, argue Burlington should be aligned as a party plaintiff, restoring diversity of citizenship. The motions to remand are now ripe. Having reviewed the record, the Court finds Burlington was not fraudulently joined and declines to realign Burlington as a party-plaintiff. Diversity having been destroyed, this Court is without subject-matter jurisdiction. Therefore, Plaintiff's Motion to Remand and Defendant Burlington's Motion to Remand are both **GRANTED**.

## I. BACKGROUND

Several law firms jointly provided representation in a series of lawsuits involving the HealthExtras Insurance Product. A fee dispute arose among them. Plaintiff Zerbersky Payne, LLP filed suit in state court, seeking declaratory relief to clarify the appropriate fee distribution. The requested declarations revolve around three agreements: JPA, JPA II, and JPA III.

Plaintiff ("Plaintiff") entered a Joint Prosecution Agreement ("JPA") with Defendants Aughtman Law Firm, LLC; Golomb & Honik, P.C.; and Hemmings & Stevens, PLLC (collectively "Removing Defendants"). The JPA relates to a nationwide class action over the HaealthExtras Insurance Product.

Plaintiff also entered a second Joint Prosecution Agreement ("JPA II") with Defendant Aughtman Law Firm, LLC and Defendant Hemmings & Stevens, PLLC. JPA II is specific to a class action lawsuit based in Florida. Ultimately, three class action lawsuits were filed in Florida.

Two of the cases filed in Florida were dismissed. Plaintiff and Removing Defendants hired Burlington & Rochenbach, P.A. ("Burlington"), an appellate specialist, to appeal those dismissals. Plaintiff and the Removing Defendants entered a third agreement ("JPA III"), which entitled Burlington to a percentage of the total fees allocated under JPA II.

Plaintiff brought its state court against the Removing Defendants and against Burlington. It seeks declarations to determine: (i) whether the JPA is binding on all parties, (ii) whether JPA II is binding on Plaintiff in part or in total; (iii) whether JPA II is binding on the relationship between Plaintiff and Defendant Golomb & Honik, P.C.; (iv) what amount is owing to Burlington; and (iii) if the matter is not arbitrable, a determination of the amount owed under the JPA (or any other agreement) by each of the Defendants.

The Removing Defendants removed the case to this Court, alleging Burlington had been fraudulently joined. Both Plaintiff and Burlington moved to remand the case to state court. Those motions are now before the Court.

## II. ANALYSIS AND RELEVANT LEGAL STANDARDS

### a. Burlington & Rockenbach P.A. was not Fraudulently Joined.

"A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Typically, the district court must remand a case removed based on diversity jurisdiction if there is not complete diversity between the parties. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

If, however, a non-diverse defendant is named solely to defeat federal diversity jurisdiction, the fraudulent joinder doctrine requires the district court to ignore the presence of the non-diverse defendant. The removing party bears the heavy burden of establishing fraudulent joinder. To shoulder its burden, the removing party must show by clear and convincing evidence that: (i) there is no possibility plaintiff can establish a cause of action against the resident defendant; or (2) plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Defendants' argument seizes on the first of these two grounds.

The applicable standard for determining whether a plaintiff can possibly establish a cause of action is "a lax one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011). In determining whether remand is proper the Court must evaluate the factual allegations in the light

most favorable to Plaintiff and resolve any uncertainties about state substantive law in Plaintiff's favor. *Crowe*, 113 F.3d at 1538. "If there is even a *possibility* that a state court would find that the complaint states a cause of action against [a] resident defendant[], the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added). Less specificity is required to defeat fraudulent joinder than to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Whereas the 12(b)(6) standard requires more than a sheer possibility defendant acted unlawfully, the "possibility of stating a valid cause of action" will defeat a fraudulent joinder claim. *Stillwell*, 663 F.3d at 1333 (internal citations and quotations omitted).

The Court turns, therefore, to Florida's pleading requirements. Florida law requires "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief . . ." Fla. R. Civ. P. 1.110(b). "Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it . . ." *Continental Baking Co. v. Vincent*, 634 So.2d 242, 244 (Fla. Dist. Ct. App. 1994). The Court must assess whether, under Florida's fact-pleading standard, "there is even a possibility that a state court would find that the complaint" states a cause of action for declaratory relief against Burlington. There is such a possibility.

The Declaratory Judgments Act exists "to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." *Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 889 (Fla. Dist. Ct. App. 2007) (citing *Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n*, 210 So. 2d 750, 752-73 (Fla. Dist. Ct. App. 1968)). A party "seeking declaratory relief must allege ultimate facts showing that there is 'a bona fide adverse interest between the parties concerning a power, privilege, immunity or right

4

of the plaintiff; the plaintiff's doubt about the existence or non-existence of his rights or privileges; that he is entitled to have the doubt removed.'" *Conley v. Morley Realty Corp.*, 575 So. 2d 253, 255 (Fla. Dist. Ct. App. 1991)).

The Complaint is extremely brief; however, a state court could possibly find that it states a claim for declaratory relief. Plaintiff alleges it entered into JPA III with Aughtman, Hemmings, and Burlington. DE 1-3 at ¶ 14. Plaintiff further alleges the existence of a dispute about how much is owed to Burlington and whether or not that dispute must be arbitrated. *Id.* Plaintiff seeks declaratory relief to determine the amount owed Burlington and whether the matter must be arbitrated.

Defendants make two arguments attacking the sufficiency of those allegations. First, Defendants argue Plaintiff's allegations regarding the existence of a dispute are not factual allegations. The Court disagrees. Although setting forth the parties' positions more particularly would have been clarifying, it is not required. Plaintiff alleges the existence of an agreement to which Burlington is a party and the existence of a dispute about "how much is owed to Burlington for its involvement" in the litigation and "whether the matter with Burlington must be arbitrated." These are factual allegations about the existence and nature of a dispute. The existence of those facts is an element of a declaratory judgment action—but, given the context provided, that does not transform the underlying factual allegations into bare legal conclusions.

Next, Defendants argue that Plaintiff is attempting to improperly assert Burlington's claims on its behalf. Not so. The Amended Complaint states Plaintiff is a party to a contract with Burlington. Plaintiff also alleges the existence of a dispute about the amount owed to Burlington and whether the matter must be arbitrated. Under Florida law, "any person claiming to be interested or who may be in doubt as to his or her rights under a . . . contract . . . [may] obtain a

5

declaration of rights, status, or other equitable or legal relations thereunder." Florida Statute § 86.021. Thus, a state court could possibly find Plaintiff has stated a claim for declaratory relief clarifying its obligations vis-à-vis Burlington. No more is required. Burlington was not fraudulently joined.

### b. Realignment of Burlington & Rockenbach P.A. is not Appropriate.

Even if joinder was not fraudulent, Defendants contend Burlington should be aligned as a plaintiff, restoring diversity of citizenship. The Court must realign the parties to reflect their interests in the litigation. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Just as parties cannot use their own designation of plaintiffs and defendants to confer diversity jurisdiction, such designations cannot be used to avoid it either. *Id.* The Court must look to "the principal purpose of the suit" and "the primary and controlling matter in dispute," when assessing whether realignment is appropriate. *Id.*

Defendants urge realignment is proper if Plaintiff and Burlington agree on the "primary issue" in dispute. *See* DE 31 at 5. Plaintiff cites a variety of cases for the proposition that realignment is improper if there is substantial disagreement about *any* issue in the case, even if it is not the "primary" issue. *See, e.g.*, DE 29 at 5 (citing *Texas Pac. Coal & Oil Co. v. Mayfield*, 152 F.2d 956, 957 (5th Cir. 1946) ("parties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief against such parties.")). However, the Court need not decide whether the cases cited by Plaintiff bear that interpretation or whether the legal test Plaintiff urges is correct. Even assuming the "primary issue" test applies, Defendants' argument fails.

Distilling a case to its essence is a difficult task at this early stage of the litigation, when the factual record is relatively undeveloped. That said, neither Burlington nor Plaintiff appear to

6

dispute Defendants' characterization of "the amount of fees to which both [Plaintiff] and Burlington are entitled" as the "primary issue in the case." DE 26 at 12. The Court agrees with Defendants' characterization—most of the declarations Plaintiff seeks are aimed at clarifying the fees owed to Plaintiff and to Burlington.

Defendants argue realignment is proper because "if [Plaintiff] wins, Burlington proportionally wins on the primary issue in the case—the amount of fees to which both [Plaintiff] and Burlington are entitled." DE 26 at 12. But Burlington's interests and Plaintiff's interests collide. Defendants' argument that "Burlington's recovery is directly tied to [Plaintiff]'s potential recovery, with Burlington simply receiving a percentage of whatever [Plaintiff] may receive" is over-simple. DE 35 at 3.

As Burlington and Plaintiff both assert, their views on the "primary issue" identified above will only align *if* the Court determines JPA II applies to Plaintiff's dispute with Defendants and *if* the Court determines Plaintiff's award should not be based on the nationwide recovery. Plaintiff and Burlington disagree about the appropriateness of that outcome. Plaintiff seeks a declaration that JPA—not JPA II—applies to its dispute with Defendants. DE 29 at 6, n 7. Burlington disagrees, arguing JPA II applies to Plaintiff's dispute with Defendants. DE 53 at 5. According to Plaintiff, it would receive a more limited fee under JPA II than under JPA. DE 29 at 2, n. 1. Thus, Plaintiff and Burlington do not appear to agree about how much Plaintiff should recovery.

And, even assuming Plaintiff and Burlington *did* agree that JPA II applies to Plaintiff's dispute with Defendants, there would be a disagreement between Plaintiff and Burlington about the fees owing to Burlington. Plaintiff asserts its fees under JPA II should be determined by reference to the nationwide recovery; however, it asserts Burlington's share should be

7

determined by reference to a more limited amount. *See* DE 29 at 7. Burlington, obviously, disagrees. It argues that if Plaintiff's fee is determined by reference to the nationwide recovery its fee, too, should be determined by reference to the total amount recovered by Plaintiff. These are disagreements between Plaintiff and Burlington that go directly to what Defendants characterize as the "primary issue" in the case. Accordingly, the Court declines to realign Burlington as a party-plaintiff.

## III. CONCLUSION

Because Burlington was not fraudulently joined and because the Court does not find realignment is appropriate, subject matter jurisdiction is lacking. Accordingly, Plaintiff's Motion to Remand and Burlington's Motion to Remand are both **GRANTED**. This case is **REMANDED** to the Seventeenth Circuit Court in and for Broward County, Florida. All pending motions are **DENIED AS MOOT**, all deadlines **TERMINATED**, and all hearings **CANCELLED.** The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of August, 2017.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

8